UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES J. WOELFLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:18-cv-486 |
| | : |
| BLACK & DECKER (U.S.) INC., | : |
| Individually and d/b/a DeWALT | : |
| INDUSTRIAL TOOL CO., | : |
| | : |
| Defendant. | : |

## OPINION AND ORDER: DEFENDANT'S MOTION TO COMPEL FURTHER INSPECTION OF SUBJECT SAW

(ECF 36)

Plaintiff James Woelfle brings a product liability personal injury lawsuit against Black & Decker Inc. on theories of negligence, breach of warranty (express and implied), and strict liability. **ECF 21.** The product at issue is a DeWalt DW716 Type 2 compound miter saw (hereafter "subject saw"). **ECF 21.**

On September 18, 2019, Defendant filed a motion to compel further inspection of the subject saw to (1) remove a laminate material allegedly affixed to the saw after its manufacture and sale, and (2) to allow an expert to forensically examine the blood splatter on the subject saw (which is not observable upon ordinary visual inspection). **ECF 368 at 2.** For the reasons set

1

forth below, Defendant's motion to compel inspection of the subject saw is **granted.**

## BACKGROUND

This civil action was removed to federal court on April 25, 2018 pursuant to 28 U.S.C. § 1441. **ECF 21 at 2**. On February 19, 2019, this Court granted Defendant's motion to compel a preliminary, private inspection of the subject saw for the limited purpose of identifying and photographing the saw. **ECF 19.** Black & Decker conducted this initial inspection on March 28, 2019, and identified a laminate affixed to the subject saw. **ECF 36-2 at 2-4**. Black & Decker initially sought to remove the laminate following its initial private inspection on March 28, 2019 (when Black & Decker first discovered the laminate) and before a joint inspection conducted on July 22, 2019. **ECF 36-1 at 2.** Then, during Defendant's deposition of the Plaintiff on July 12, 2019, Plaintiff testified that the laminate was present on the saw when he bought it. **ECF 36-3 at 2.** Defendant alleges that the laminate is not a part of the DW716, Type 2 miter saw's design, **ECF 36-8 at 3**, and that it is covering a number of on-product warnings, **ECF 36-1 at 2**.

Black & Decker contends that the laminate surface is not part of the original equipment, but a post-manufacture modification that was affixed to it after it left their possession and control. **ECF 36-1 at 4.** Defendant now seeks the

2

removal of the laminate surface, arguing that the removal is reasonable, necessary, and relevant to its defense that the subject saw contained on-product warnings at the time of sale which were covered by a post-sale modification. **ECF 36-1 at 4**. Plaintiff opposes the inspection, arguing that the warnings are irrelevant to his claims and that removal of the laminate would hinder plaintiffs' ability to present evidence at trial due to possible changes to the condition of the saw. **ECF 38-1 at 8-10**.

## DISCUSSION

I. <u>Defendant's motion to compel removal of the laminate affixed to the subject saw.</u>

First, Defendant Black & Decker contends that the subject saw should be further inspected to remove a laminate material allegedly affixed to the saw after its manufacture and sale.

According to the commentary to Fed. R. Civ. P. 34,

> Testing that irrevocably changes or destroys an item is "destructive testing." Production of a tangible thing for destructive testing is permitted under Rule 34. A court will engage in a balancing test prior to permitting destructive testing, comparing the necessity and relevance of the test, and the safeguards proposed, with the prejudice to the non-movant and/or alternatives available. Courts generally permit opposing counsel to view destructive testing, either by letting them attend the testing or by having it recorded.

Federal Rules of Civil Procedure, Rules and Commentary Rule 34.

In determining whether destructive testing should be permitted in a particular case, district courts typically

balance the following four factors: (1) whether the proposed testing is reasonable, necessary and relevant to proving the movant's case or defenses; (2) whether the non-movant's ability to present evidence at trial will be hindered or whether the non-movant will be prejudiced in some other way; (3) whether there are any less prejudicial alternative methods of obtaining the evidence sought; and (4) whether there are adequate safeguards to minimize prejudice to the non-movant and their ability to present evidence at trial. *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 614 (D. Md. 2006). The burden is on the Defendant to establish the first factor. *Id.*

Because removing the laminate from the subject saw would materially alter the surface of the subject saw and potentially cause damage, Defendants' proposed action qualifies as an example of destructive testing. *See* Federal Rules of Civil Procedure, Rules and Commentary Rule 34. However, based on an application of the four factor *Mirchandani* test laid out above, the facts in the record weigh in favor of allowing Defendant to move forward with the removal of the laminate.

First, Defendant has successfully shown that the proposed testing is relevant, reasonable, and necessary to its defense. *Mirchandani*, 235 F.R.D. at 614. Black & Decker argues that the removal of the laminate surface is necessary to its defense that the subject saw contained on-product warnings which were covered

4

by a post-sale modification. **ECF 36-8 at 5.** Plaintiff responds, however, that the warnings beneath the laminate are irrelevant to the case because he does not challenge the adequacy of these specific hidden warnings. Black & Decker prevails on this issue. Indeed, Plaintiff Woelfle does challenge the adequacy of the subject saw's warnings in the aggregate, and the alleged presence or absence of additional warnings beneath the laminate are relevant to his larger claim. *See* **ECF 21.**

Moreover, evidence of warnings that were concealed post-sale is relevant, reasonable, and necessary for Black & Decker to defend the overall adequacy of its warnings on this product. Black & Decker seeks this evidence to dispute Plaintiff's testimony that the laminate material was affixed to the subject saw at the time of the manufacture. **ECF 36-8 at 5.** In order to verify the origin of the laminate surface and establish whether it was a post-sale modification, Black & Decker would need to remove the laminate and conduct an inspection. Such an inspection is necessary for Defendant to properly construct its defense.

The second *Mirchandani* factor considers any potential prejudice to the non-moving party. This factor also favors Defendant. Plaintiff, as the non-movant, has failed to identify how he will be prejudiced in his ability to litigate this case. While Plaintiff offers that the removal of the laminate might

5

result in a changed condition from the time of the saw's purchase, he has not made any showing that any potential alteration would negatively affect his case.

The third *Mirchandani* factor concerns whether there are any non-destructive alternative methods of testing. "[T]his prong encourages the party opposing destructive testing to suggest less destructive and less prejudicial counter-proposals, and appears to be limited only by the imagination of the non-movant." *Mirchandani,* 235 F.R.D. at 616. Plaintiff has not submitted any alternatives to Defendant's proposed testing besides suggesting that Defendant utilize pictures of similar warnings on other saws. However, this is not a viable alternative, as it would not allow Black & Decker to support its position that the warnings on this specific saw were covered by a post-manufacture modification. Plaintiff offers no other alternatives, and Defendant contends that there are none available. Therefore, given the record presented and the absence of a viable alternative, the third factor also favors Defendant.

"The final inquiry of the four-pronged test involves consideration of the safeguards that may be put in place to minimize the potential for prejudice to the non-movants." *Id.* at 616-17. Those safeguards, while not exhaustive, may include:

> "[A]dequate opportunities for the [non-movants] to photograph or otherwise record the character and condition of the [object to be tested] prior to the

destructive testing, (2) notice to the [non-movants] of the time, place, and exact manner of the destructive testing, (3) reasonable opportunity for the non-movants and their experts to observe and record the procedures involved in the destructive testing, (4) the right of the [non-movants] to conduct or participate in similar tests with a portion of the sample to be tested, (5) provision for discovery of the results of the [movant's] tests, (6) allocation of costs as justice may require.

*Id.* (citation omitted).

Here, Black & Decker has proposed a protocol to minimize potential damage to the saw and laminate during the inspection, and to mitigate inconvenience and cost to Plaintiff. **ECF 36-8 at 6-7**. According to the protocol, the inspection would happen at the location where the saw is currently stored by Plaintiff, the inspection would occur on notice to Plaintiff and Plaintiffs' counsel, and the inspection could be photographed and / or videotaped. **ECF 36-8 at 6-7**. This protocol would adequately protect Plaintiff from potential prejudice from the destructive testing, and favors allowing for destructive testing.

Based on this analysis of the *Mirchandani* factors, Defendants' motion to compel removal of laminate material on the subject saw is **granted.**

II. Defendants' motion to compel investigation to allow an expert to forensically examine the blood splatter on the subject saw.

Second, Black & Decker seeks to compel further investigation of the subject saw to forensically examine a blood

7

splatter on the saw. Notably, the fulfillment of this discovery request would not be destructive.

The Federal Rules of Civil Procedure provide that a party may make a request "to produce and permit the requesting party or its representative to inspect, copy, test, or sample ... any tangible things" within the scope of Rule 26(b). Fed. R. Civ. P. 34(a)(1)(B). Discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense [.]" Fed. R. Civ. P. 26(b).

Black & Decker's motion to compel investigation is granted for this purpose. The presence, amount and location of blood on the subject saw is relevant to Black & Decker's defense in this case, as the blood stain constitutes evidence surrounding the injury upon which Plaintiff bases his claim. The nature of the blood stain may also go to show the subject saw's orientation and/or placement at the time of injury. The Federal Rules of Civil Procedure allow for broad discovery of relevant evidence such as this, and Plaintiffs provide no support to show that this discovery would cause prejudice. Defendant's motion is **granted.**

## CONCLUSION

For the aforementioned reasons, Defendant's motion to compel inspection of the subject saw (ECF 36) is **granted.** The parties each bear their own costs. The parties are directed to

coordinate a schedule to allow Defendant to conduct the destructive testing.

DATED at Burlington, Vermont, this 12th day of March, 2020.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge