**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES J. WOELFLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:18-cv-486 |
| | : |
| BLACK & DECKER (U.S.) INC., | : |
| Individually and d/b/a DeWALT | : |
| INDUSTRIAL TOOL CO., | : |
| | : |
| Defendant. | : |

**<u>OPINION AND ORDER: DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S RULE 30(b)(6) NOTICE & PLAINTIFFS' CROSS-MOTION TO COMPEL DISCOVERY</u>**

(ECF 29, 32)

Plaintiff James Woelfle brings a product liability personal injury lawsuit against Black & Decker Inc. on theories of negligence, breach of warranty (express and implied), and strict liability. **ECF 21.** The product at issue is a DeWalt DW716 Type 2 compound miter saw (hereafter "subject saw"). **ECF 21.**

On August 16, 2019, Defendant Black & Decker filed a motion for protective order to quash Plaintiffs' Rule 30(b)(6) corporate deposition notice. *See* **ECF 29**. Black & Decker argues that the notice should be quashed because (1) it is overly broad, unduly burdensome, and not proportional to the needs of the case; (2) it seeks information not reasonably calculated to lead to discovery that is relevant to the product liability / negligence causes of action at issue; (3) it fails to provide

reasonable particularity with respect to the information sought or is otherwise vague and ambiguous, and (4) it seeks privileged information not subject to disclosure. **ECF 29-5 at 2.** Black & Decker also alleges that Plaintiffs' notice improperly circumvents the duration limits on deposits set forth in Fed. R. Civ. P. 30(d)(1). **ECF 29-5 at 2.**

On September 9, 2019, Plaintiff James Woelfle filed a cross motion to compel discovery. **ECF 32.** Woelfle alleges that Defendant refused to produce a privilege log and/or respond to his request to identify what documents, if any, Defendant withheld pursuant to a claim of privilege. **ECF 33 at 3.** Plaintiff further submits that Defendant impermissibly narrowed his discovery requests to only information concerning the exact model and size of the subject saw. **ECF 33 at 19**.

For the following reasons, Defendants' motion for protective order is **granted in part** and **denied in part**, and Plaintiffs' cross-motion to compel discovery is **granted in part** and **denied in part**.

I. **DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

First, Defendant files a motion for protective order to quash Plaintiffs' Rule 30(b)(6) corporate deposition notice.

### STANDARD OF REVIEW

Fed. R. Civ. P. 26(c)(1) requires the party seeking a protective order limiting discovery to show good cause for the

request. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person ..."). "Good cause is established by demonstrating a particular need for protection." *Patient A v. Vermont Agency of Human Services*, 2016 WL 880036 (D. Vermont 2016).

The 2015 amendments to Rule 26(b)(1) of the Federal Rules of Civil Procedure explain that the scope of discovery extends only to nonprivileged matters that are both (a) relevant to a claim or defense and (b) "proportional to the needs of the case". In making proportionality determinations, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## DISCUSSION

Black & Decker submits that Plaintiff Woelfle's Rule 30(b)(6) notice should be quashed due to multiple alleged defects, which we address in turn.

### A. Length of Witness Depositions under Fed. R. Civ. P. 30(b)(6)

First, the parties dispute the proper length of witness depositions. Plaintiffs argue that Fed. R. Civ. P. 30(d)(1) limits the duration of a 30(b)(6) deposition to seven hours per

3

person, while Defendants contend that Rule 30(d)(1) places a limit on the total time spent in depositions.

Plaintiff prevails in his argument. Fed. R. Civ. P. 30(d)(1) states that "unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Rule 30(d)(1) clearly and specifically places a seven-hour default time limit on individual depositions; it does not reference the total time spent in deposition. *See id.* Hence, Plaintiff is entitled to allot seven hours of time for each witness deposition. On this issue, the Court **denies** Defendants' protective order.

I. <u>Overbreadth of "including but not limited to" and "similar to and including" language under Fed. R. Civ. P. 26</u>

Next, Defendant submits that Plaintiffs' 30(b)(6) topical designations containing the language "including but not limited to" and "similar to and including" are overbroad. **ECF 29-5 at 5.** This argument lacks merit.

Rule 30(b)(6) topical designations are subject to limitations under Fed. R. Civ. P. 26, including the limitation that they may not be overbroad. *Dongguk University v. Yale University*, 270 F.R.D. 70, 74 (D. Conn 2010). While "including but not limited to" language may be overbroad in cases where it generates so many topics as to defeat the purpose of enumeration, Plaintiff's use of "including but not limited to"

and "similar to and including" does not pose a serious risk of overbreadth in this case. Plaintiff uses this language to seek relevant testimony about "all miter saws and/or optional accessories, including clamps, *similar to and including* the subject product." **ECF 29-5 at 5.** This request is limited to information about products similar to the one at issue in this case, which is a reasonably bounded category with relevance to this litigation. The Court **denies** Defendants' protective order on this issue.

II. Relevance and Proportionality of Topical Designations 1, 2, 7, and 28

Black & Decker further contends that Plaintiffs' Topical Designations 1, 2, 7, and 28 are not relevant and proportional to the needs of the case, and should be quashed under Fed. R. Civ. P. 26. Rule 26(b)(2)(C) instructs courts to limit discovery to the extent that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). This proportionality consideration seeks to prevent possible over-discovery. Fed. R. Civ. P. 26 Advisory Committee's Note (1983).

Topical Designation 1 seeks deposition information about the corporate structure of Black & Decker and DeWalt. This information is not relevant and proportional to the needs of the case. Plaintiffs' products liability claims do not implicate questions concerning the Defendant's corporate structure, and

Plaintiff does not need this information to make a showing of legal wrongdoing. Moreover, this request would place be a significant discovery burden on the Defendant without clear necessity. Defendants' motion for protective order on this issue is **granted**.

Topical Designation 2 seeks testimony as to the design, manufacture, and sale of products and optional accessories. This information is directly relevant to the issues at bar, as Defendants' manufacture and sales practices go to show the possibility of negligence in the case of this particular saw. The central importance of this evidence suggests that it meets the relevance and proportionality standard. Defendants' motion for protective order on this issue is **denied**.

Topical Designation 7 concerns business transactions and agreements between Black & Decker and DeWalt. This topical designation is overbroad. There is no indication in the record that Plaintiff needs information about the relationship between these two entities to support its case. Insofar as particular facts about Black & Decker and DeWalt's collaborations may be relevant to this litigation, Plaintiffs' request seeks a much larger category of information without any time or scope limitation. Defendants' motion for protective order on this issue is **granted**.

Finally, Topical Designation 28 seeks "the person most knowledgeable about principles of safe product design." Testimony from this person is highly relevant to this litigation, as Defendants' safe product design principles may include crucial information about the subject saw which directly bear on Plaintiffs' claims. Moreover, Defendant has not shown that Plaintiffs' request to depose the individual most knowledgeable about this subject would create an undue burden – to the contrary, deposing the most knowledgeable individual on the subject would mitigate the need for significant additional discovery about the company's safe product design principles. Defendants' motion for protective order on this issue is **denied**.

III. <u>Vagueness and Reasonable Particularity of Topical Designations 5, 14, and 15.</u>

Black & Decker also argues that Plaintiffs' Topical Designations 5, 14, and 15 fail to meet Rule 30(b)(6)'s requirement that the notice "describe with reasonable particularity to the needs of the case." Fed. R. Civ. P. 30(b)(6). Defendant's motion for protective order on this issue is **denied**.

First, Defendant contends that Plaintiff's fifth topical designation, seeking "the identity of the purchasing agent and/or agents for miter saws and optional accessories, including clamps, similar to and including the subject product which have been sold by [Defendant] for the past 10 years," is not

7

reasonably particular. **ECF 29-5 at 8.** Defendant argues that the demand to produce a representative with knowledge and information about all "optional accessories, including clamps, similar to and including the subject product," fails to identify what specific "optional accessories" plaintiff seeks information about that are relevant and proportional to the product liability claims at issue in this case. **ECF 29-5 at 8.**

This argument lacks merit. Plaintiffs' request seeks a bounded category of purchasing agents involved in sale of products including and similar to the subject saw. Plaintiffs' mention of "optional accessories" refers to a specific class of supplementary items (such as clamps) that support the use of the product at issue. This is a sufficiently particular request to pass muster under Rule 30(b)(6).

Next, Defendant challenges Topical Designation 14 and 15, which seek "any studies, memos, notices, warnings or findings conducted by or known by [Defendant] regarding possible hazards associated with miter saws…" **ECF 29-5 at 8.** Defendant contends that this request lacks reasonable particularity because the request does not specify who conducted the study, and on grounds that it is overbroad and not proportional to the needs of the case. **ECF 29-5 at 8.** This argument also lacks merit.

Plaintiff's request for company documentation regarding possible hazards deriving from the subject saw speaks directly

to the central claims of this litigation. Moreover, the requests' lack of reference to specific studies does not render the request vague; the request seeks any studies falling into this category within Defendants' possession, any of which would be relevant to the case. Defendant's motion for protective order on this issue is **denied**.

IV. <u>Plaintiffs' Topical Designations Seeking Privileged Information</u>

Finally, Defendant requests a protective order to limit deposition questioning around the factual bases underlying its position statements, defenses, and counterclaims in Topical Designations 34 - 52. **ECF 29-5 at 9-10.** Black & Decker submits that these contentions lack reasonable particularity and are protected from disclosure under attorney-client privilege, work product doctrine, and / or consulting expert privilege. **ECF 29-5 at 9.** Defendants' motion is denied as to these issues.

As a general matter, the factual bases of contentions, denials, and affirmative defenses are properly subject to questioning under Fed. R. Civ. P. 30(b)(6). *United States v. Niagara Cty., N.Y.*, 2015 WL 6554713 at 5 (W.D.N.Y. Oct. 29, 2015). Moreover, both the attorney-client privilege and work-product doctrines require that witnesses disclose information which they are aware of even if shared with an attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). Only communications are protected; the underlying facts are not. *Id.*

9

As such, Plaintiff may properly discover the factual bases underlying Defendants' position statements, defenses, and counterclaims under the attorney-client privilege and work-product doctrines.

Moreover, Defendant has not provided any factual basis to suggest that Plaintiff's request is vague, overbroad, unduly burdensome, or duplicative of discovery. Factual bases of a party's asserted position statements, defenses, and counterclaims are appropriate areas of Rule 30(b)(6) deposition questioning, and Defendant must provide the court with a good cause justification for protection to the contrary. Here, the information sought is relevant to the litigation and there is no indication of an undue burden or duplication. Defendant's motion for protective order on this issue is **denied.**

## II. PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Next, Plaintiff files a cross motion to compel discovery.

### STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." **Fed. R. Civ. P. 26(b)(1).** The Supreme Court has broadly construed the scope of discovery "to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on" the claims or defenses, and that is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is neither limited to the issues raised by the pleadings, nor to the merits of a case. *Oppenheimer*, 431 U.S. at 351.

In determining whether a discovery request is proportional to the disputed issues, Fed. R. Civ. P. 26(b)(1) directs trial courts to consider "the importance of the issue at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." **Fed. R. Civ. P. 26(b)(1).** Rule 26 vests the trial judge with broad discretion over making these determinations. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

A. <u>Defendant's written privilege log.</u>

Defendant responded to Plaintiffs' first set of discovery requests with a boilerplate privilege objection to all their

11

requests. *See* **ECF 29-3**. Plaintiff contends that Defendant failed to provide a written privilege log pertaining to each of its privilege claims as required by Fed. R. C. P. 26(b)(5) and Local Rule 26(d). **ECF 33 at 18.** Black & Decker responds that it is not currently withholding any documents based on a claim of privilege, but rather based on an objection of overbreadth. **ECF 37-5 at 10**. Specifically, Black & Decker seeks specific information regarding "how the alleged incident occurred" as well as "plaintiff's product defect theory of liability." **ECF 37-5 at 10**.

Because Black & Decker has evidently withdrawn it privilege objections to Plaintiffs' discovery requests, the question of whether Defendant must provide a privilege log is moot. Plaintiffs' motion to compel production of a written privilege log is thus **denied** as moot.

B. <u>Defendants' narrowing of Plaintiffs' discovery requests to "the DeWalt Model DW716 Model DW716 Type 12-inch double bevel compound miter saw involved in the incident."</u>

Finally, Plaintiff alleges that Defendant impermissibly narrowed the scope of his discovery requests by limiting it to the specific type of saw involved in the incident at bar. Plaintiff requests the court to compel production of all responsive information of all miter saws similar to the product, all clamps similar to the optional accessory for the product, and information of similar incidents. **ECF 33 at 21.** Defendant

has stated in its Response that "as a result of Plaintiff's deposition testimony . . . Black & Decker will also promptly produce information regarding claims or lawsuits involving a DW716, DW715 or DW706 miter saw", as well as regarding clamp assembly for the DW716 miter saw, at this point in the litigation. **ECF 37 8-9.**

As such, the question before the court is whether Plaintiffs' motion to compel discovery should be granted with regard to other "similar" miter saws besides the DW716, DW715, and the DW706 models. The Court **denies** Plaintiffs' motion with regard to all responsive information concerning all miter saws similar to the subject saw – this part of the request is overbroad, as Defendants' decision to produce information regarding the DW716, DW715 and DW706 models will capture a reasonable range of similarity without causing burdensome discovery. However, we grant Plaintiffs' motion with specific regard to all similar incidents which resulted from kickback. Courts typically allow discovery of different models of a product "if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation. *Fine v. Facet Aerospace Products, Co.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990). Here, models that have been known to cause kickback share those pertinent characteristics to the

operative legal questions of this case, and should be allowed in discovery.

Hence, the Court **grants in part** and **denies in part** Plaintiffs' motion to compel discovery regarding all miter saws similar to the product, all clamps similar to the optional accessory for the product, and information of similar incidents.

## CONCLUSION

For the aforementioned reasons, Defendants' motion for protective order (ECF 29) is **granted in part** and **denied in part**, and Plaintiffs' cross-motion to compel discovery (ECF 32) is **granted in part** and **denied in part**. The parties each bear their own costs.

DATED at Burlington, Vermont, this 12th day of March, 2020.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge