UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

JAMES J. WOELFLE,

Plaintiff,

v.

BLACK & DECKER (U.S.), INC., individually and d/b/a DEWALT INDUSTRIAL TOOL CO.,

Defendant.

Case No. 1:18-cv-486

**OPINION AND ORDER**

Plaintiff James Woelfle brings this lawsuit alleging injuries resulting from his use of a miter saw. Currently before the Court is Defendant Black & Decker's motion to compel certain discovery. For the reasons set forth below, the motion is **granted in part and denied in part**. The parties shall bear their own costs with respect to the motion.

## I. Factual Background

Woelfle filed an Amended Complaint on April 2, 2019, asserting causes of action for negligence, breach of express and implied warranties, strict product liability, and failure to warn. His claims arise out of an allegation that, on or about December 13, 2017, he was using a DEWALT 12-inch double bevel compound miter saw when the saw malfunctioned and caused him injuries. The parties have engaged in discovery, and Black & Decker now moves to compel the production of five categories of

information: (1) photographs and videos of the saw, the scene, and "other instrumentalities"; (2) a complete response to its Request for Admissions; (3) HIPAA authorization for unredacted pharmaceutical records for at least 5 years prior to the incident and continuing through trial; (4) authorization to obtain employment records; and (5) authorization to obtain collateral source information. A sixth category, relating the Black & Decker's Second Request for Production, has reportedly been resolved. ECF No. 57 (letter from counsel regarding resolution).

## II. Photographs and Videos of the Saw and Accident Scene

Plaintiff's Rule 26 disclosure contains a medical (ambulance) record stating that Plaintiff "turned into" the saw "while taking a panoramic photo" of his workshop. Defendant previously requested production of photographs or videos of the scene, and now asks the Court to compel production of any additional photographs or videos not already produced. Plaintiff submits that he has disclosed 14 photographs of the subject saw, spindles, stairway, and his injuries, and that there is no panoramic photograph as described in the ambulance report. Certain images have been withheld on the basis of work product or attorney-client privilege, including photos taken by Plaintiff's attorney or by Plaintiff himself at counsel's request. Privilege logs have been provided.

Defendant argues that Plaintiff's privilege logs do not comply with the Local Rules, specifically Local Rule 26(d). The Local Rule requires a privilege log to identify the type of document; the general subject matter; the date the document was created; other information needed to identify the document in the event of a subpoena, including the author or creator of the document; the location of the document; and any recipients. L.R. 26(d)(1)(B)(i). Plaintiff's privilege log provides a description of each photo or video, the creator, the reason for withholding, and the address at which the item is held. With respect to the date, the log states "pre-suit in anticipation of litigation." ECF No. 51 at 9. While Plaintiff argues that the cited Local Rule applies only to documents and not to visual images, this district has required similar privilege log information be provided for photographs. *See Fingerhut ex rel. Fingerhut v. Chautauqua Inst. Corp.*, No. 07-CV-502-JTC, 2013 WL 5923269, at *3 (W.D.N.Y. Oct. 31, 2013).

Defendant's motion centers on a document that it believes is missing: the panoramic photo or video that, according to the ambulance report, was taken immediately before the alleged accident. Plaintiff contends that no such photo or video exists, and the Court cannot compel the production of an item that does not exist. Defendant's effort to access all other photos or video based upon the alleged shortcomings in the

privilege log is misplaced. The privilege logs at issue substantially comply with the Local Rules, although the dates on which the photographs were taken and the subject matter of the photographs would assist the Court and the parties in assessing the validity of the alleged privileges. The privilege logs must be amended accordingly. If, after amendment, Defendant wishes to challenge the assertion of privileges it may do so in a separate motion. The Court will not, however, compel the production of privileged information on the basis of the alleged shortcomings in the privilege logs. *See Essex Ins. Co. v. Interstate Fire & Safety Equip. Co./Interstate Fire & Safety Cleaning Co*., 263 F.R.D. 72, 76 (D. Conn. 2009) (citing authority for the proposition that while failure to provide a privilege log in a timely manner may result in waiver, only flagrant violations require such an outcome). The motion to compel on this issue is **denied**.

**III. Requests for Admission**

In the course of discovery, Plaintiff's expert Les Winter reportedly revealed that he altered the saw. The revelation led Defendant to propound a series of requests for admissions with respect to the saw's chain of custody. In response to several of those requests Plaintiff offered general objections, essentially claiming: (1) attorney client/work product protection; (2) that the request requires explanation rather

than an admission and is overly broad; and (3) that the request does not relate to facts, the application of law to facts, or the genuineness of a document. Defendant argues that over twenty of Plaintiff's responses, many of which refer to the general objections, are insufficient.

As the United States District Court for the District of Connecticut recently noted,

> [T]he purpose of a request for admission is not to discover information, but rather, to facilitate resolution on the merits by narrowing the issues at trial where the parties unambiguously agree. Unlike interrogatories, depositions and document demands, requests for admission are neither discovery device[s] nor substitutions for such devices. The sole purpose of requests for admission under Rule 36 is to streamline the presentation of evidence at trial.

*Vernon Horn v. City of New Haven*, No. 3:18 CV 1502 (RNC), 2021 WL 805504, at *4 (D. Conn. Mar. 2, 2021) (citations and quotation marks omitted). Requests for admission "'presuppose that the party proceeding under Rule 36 knows the facts or has the document and merely wishes its opponent to concede their genuineness.'" *Pasternak v. Dow Kim*, No. 10-CV-5045 (LTS) (JLC), 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (quoting 8B, Wright, Miller & Marcus, Federal Practice and Procedure, § 2253 at 324).

In this case, Defendant first asks Plaintiff to admit that the saw remained in his custody or control, or that of his agents, until it was made available to Defendant's counsel.

Plaintiff argues that custody or control is a term of art and cannot be fairly answered in an admission or denial. The Court agrees that the question is subject to nuance, and notes that Plaintiff was asked about chain of custody at his deposition. As there is no indication that the parties unambiguously agree about chain of custody, the Court will not compel further responses to Requests 1-3.

Requests 4 and 5 ask for an admission that no modifications were made to the saw. The term “modification” is not defined, and is too vague to be the subject of an admission or denial. Accordingly, the Court will not compel additional responses to those Requests.

Requests 6 and 11 ask Plaintiff to admit that his attorneys arranged for the saw to be delivered to an evidence storage company and then made available for inspection. Plaintiff asserts the three general objections, and argues that any responses would violate attorney-client privilege and the work product doctrine. It is not clear how the general objections apply, as the Requests are specific and do not ask for attorney-client communications or attorney thought processes. They instead ask Plaintiff to confirm limited and specific authorizations made by his attorneys regarding movement of, and access to, the saw. The responses shall therefore be supplemented.

Request 12 asks Plaintiff to admit that the saw was first made available to his expert, Les Winter. It is not clear from the request whether "first made available" is in relation to counsel, other experts, or Defendant. The Court will not compel an additional response to that Request.

Request 13 asks Plaintiff to admit that when Les Winter inspected the saw, it was "in the same condition" as at the time of the accident. Defendant appears to be asking whether any alterations were made prior to Winter's inspection, but its reference to the saw's "condition" is unclear. This same lack of clarity arises in Requests 16-18, and the Court will not require supplemental responses.

Requests 22-26 are more specific. Those items ask Plaintiff to essentially admit that Winter modified the saw both before and after certain events, including the time of the accident (modified after) and Defendant's subsequent inspection (modified before). It is not clear how the general objections apply, and Plaintiff shall supplement his responses to those Requests.

**IV. Pharmacy Records**

Defendant submits that on the date of the accident, Plaintiff tested positive for cocaine and Benzodiazepine. Defendant sought an authorization to obtain Plaintiff's pharmacy records, and Plaintiff offered a list of records post-dating the

accident. Those records did not show a prescription for Benzodiazepine. Defendants now seek unlimited access to Plaintiff's pharmaceutical records for the five years prior to the accident. Plaintiff objects to the request as overly broad and as violating the physician-patient privilege.

Defendant argues that its request is material and relevant to whether Plaintiff was operating machinery while taking narcotics without a prescription, as well as whether Plaintiff had failed to take medications that were prescribed. Defendant further contends that Plaintiff's medications are relevant to his overall medical condition, which is in turn relevant to his claims for pain and suffering and loss of enjoyment of life. Plaintiff counters that "unrelated illnesses and treatment" are not discoverable.

The most relevant fact at issue is Plaintiff's toxicology report. Whether a medication was taken with or without a prescription is immaterial to whether the drug impacted Plaintiff's condition at the time of the accident. With regard to Plaintiff's overall medical condition, the parties have not fully briefed whether Plaintiff's full medical records, including any prescribed drugs, are open for discovery in light of the nature of his claims. Based upon the limited briefing provided here, the Court finds that five-year access to Plaintiff's pharmaceutical records is not warranted.

**V. Employment Records**

Defendant seeks unrestricted access to Plaintiff's employment records for the 10 years prior to the date of the incident. To justify this request, Defendant argues that employment records are relevant to Plaintiff's claim for lost future earnings, and that disciplinary records are relevant to Plaintiff's employability. Defendant also contends that work records will likely provide relevant information relating to Plaintiff's experience with wood-working tools, including miter saws.

Plaintiff has made an effort to resolve this issue by providing defendant with 10 years of employment authorizations limited to the date of hire, the termination date, and wage and benefit information. In response, Defendant argues that dates of *un*employment must also be provided. Those dates appear to be implied, however, by Plaintiff's termination dates and subsequent dates of rehire.

Disciplinary records will not be compelled, as their production will likely be more prejudicial than probative to the central issues in this case. With respect to Plaintiff's experience with miter saws, unrestricted access to employment records is an overly-broad attempt to access such narrow information, which may be easily accessed through questions, either written or oral, directed to Plaintiff himself. The

motion to compel additional employment authorizations is therefore denied.

**VI. Collateral Source Information**

Defendant moves the Court to compel authorizations for records from collateral sources, including insurers POMCO/MagnaCare Insurance and RMSCO, as well as disability applications to, or payments from, the Social Security Administration. In response to the motion, Plaintiff served Defendant with authorizations for MagnaCare, RMSCO and POMCO for payment records related to his left upper extremity. Defendant contends that the production is insufficient and seeks access to Plaintiff's health care insurance applications, arguing that a health-related rejection of insurance could lead to evidence relating to Plaintiff's overall health and, correspondingly, his future life expectancy and future lost earnings. Defendant seeks unlimited access to collateral source records for the same reason.

As discussed above, the parties have not fully briefed whether Plaintiff's entire medical history is the proper subject of discovery. The Court declines to compel unlimited access to collateral source records for the same reason that it will not compel production of complete medical and/or pharmaceutical records at this time. The motion to compel additional collateral source information is therefore denied.

## VII. Conclusion

As set forth above, Defendant Black & Decker's motion to compel (ECF No. 44) is **granted in part and denied in part**. The parties shall bear their own costs with respect to the motion.

DATED at Burlington, in the District of Vermont, this 30th of March, 2021.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge